**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| KEVIN HAMILTON<br><br>Plaintiff,<br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, MONARCH CEMENT OF IOWA, THE MONARCH CEMENT COMPANY, DES MOINES HOLDINGS, INC. and COLOR CONVERTING INDUSTRIES, CO., INC.<br><br>Defendants. | ) | Case No.: 4:15-cv-299<br><br>**PLAINTIFF'S COMPLAINT AT LAW**<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT AT LAW

NOW COMES Plaintiff, KEVIN HAMILTON by and through his attorneys, CRAIG W. CHURCH and HOEY & FARINA, P.C. and for his Complaint against Defendants, UNION PACIFIC RAILROAD COMPANY, MONARCH CEMENT OF IOWA and THE MONARCH CEMENT COMPANY alleges and states as follows:

### COUNT I
### FELA/ UNION PACIFIC RAILROAD COMPANY

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. § 56 and Title 28 U.S.C. § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*.

3. On March 19, 2014, and at all pertinent times, Defendant, UNION PACIFIC

RAILROAD COMPANY , was and is a railroad corporation doing business in the State of Iowa, having its principle place of business in Des Moines, Iowa.

4. On March 19, 2014, and at all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY, owned and operated a railroad in interstate commerce.

5. On March 19, 2014, and at all pertinent times, Plaintiff, KEVIN HAMILTON was employed by the Defendant as a Remote Control Student.

6. On March 19, 2014, and at all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

7. In the course of his duties as a Remote Control Student on March 19, 2014 Plaintiff was working at the Hollingsworth spur track performing railcar switching activities at local industries in Des Moines, Iowa.

8. On March 19, 2014 at said time and place, Plaintiff was required to walk to the rear of his train to ride a shove move when he stepped in a hole and twisted his ankle, injuring his knee.

9. It was the continuing duty of the Defendant, as employer, at the time and place in question, to provide Plaintiff with reasonably safe conditions in which to work.

10. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work, by committing one or more of the following negligent acts or omissions:

   a. Carelessly and negligently failed to warn of the condition;

   b. Carelessly and negligently failed to bad order the spur track;

   c. Carelessly and negligently allowed holes and uneven ballast to remain on the spur track causing a tripping hazard;

d. Failed to adopt, install, implement, and enforce a safe method and procedure for proper inspection and maintenance of the spur track and ground conditions;

e. Carelessly and negligently failed to inspect, maintain, and repair said ballast ;

f. Failed to follow industry standards for inspection and maintenance of ballast walkways;

g. Failed to maintain a proper and reasonably safe walkway;

h. Negligently failed to warn Plaintiff of the tripping hazard;

i. Negligently failed to properly inspect its work areas to ensure that they were reasonably free of trip hazards;

j. Failed to properly supervise its employees who were charged with ensuring that the work areas were safe to use;

11. Defendant's failure to provide Plaintiff, KEVIN HAMILTON with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

12. As a consequence, Plaintiff, KEVIN HAMILTON, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, KEVIN HAMILTON has been and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, KEVIN HAMILTON has incurred medical, hospital, and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

13. Plaintiff, KEVIN HAMILTON, demands trial by jury.

WHEREFORE, Plaintiff, KEVIN HAMILTON, demands judgment in his favor and against Defendant, UNION PACIFIC RAILWAY COMPANY, in a sum in excess of the jurisdictional minimum plus costs of this suit.

**COUNT II**
**NEGLIGENCE / MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY**

1. Plaintiff repeats and re-alleges paragraphs 1 through 8 of Count I, as paragraphs 1 through 8 of Count II herein.

9. At all pertinent times, Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY were corporations doing business in Des Moines, Iowa.

10. On March 19, 2014, and at all pertinent times, Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY owned, controlled, managed and maintained property known as the Hollingsworth spur track in Des Moines, Iowa.

11. On March 19, 2014 Plaintiff, KEVIN HAMILTON, was lawfully on Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY property at the aforesaid location, and was required to perform switching as a Remote Control Student.

12. It was the continuing duty of the Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY, at that time and place in question to provide Plaintiff with reasonably safe conditions in which to work, to exercise ordinary care in the maintenance of its property so as to avoid placing Plaintiff in danger and to exercise ordinary for the safety of Plaintiff.

13. In violation of its duty, Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY, negligently and carelessly failed exercise ordinary care for the Plaintiff, KEVIN HAMILTON, by committing one or more of the following negligent acts or omissions:

a. Failed to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of its property;

b. Failed to adopt, install, implement and enforce a safe method and procedure for maintenance of the area described;

c. Carelessly and negligently permitted holes and uneven ballast to exist exposing Plaintiff to a risk of tripping hazard;

d. Failed to properly warn Plaintiff that there were holes in the ballast in his work area;

e. Failed to repair the ballast that Plaintiff tripped on;

f. Failed to follow industry standards for inspection and maintenance of ballast walkways;

g. Failed to maintain a proper and reasonably safe walkway for switching work.

14. Defendant's negligence by one or more of the foregoing negligent acts or omissions caused in whole or in part Plaintiff's injury.

15. As a consequence Plaintiff, KEVIN HAMILTON, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, KEVIN HAMILTON, has been and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, KEVIN HAMILTON , has incurred medical, hospital, and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff, KEVIN HAMILTON, demands trial by jury.

WHEREFORE, Plaintiff, KEVIN HAMILTON , demands judgment in his favor and against Defendants, MONARCH CEMENT OF IOWA, INC. AND THE MONARCH CEMENT COMPANY, in a sum in excess of the jurisdictional minimum.

## COUNT III
## NEGLIGENCE / DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC.

1. Plaintiff repeats and re-alleges paragraphs 1 through 8 of Count I, as paragraphs 1 through 8 of Count III herein.

9. At all pertinent times, Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC. were corporations doing business in Des Moines, Iowa.

10. On March 19, 2014, and at all pertinent times, Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC. owned, controlled, managed and maintained property known as the Hollingsworth spur track in Des Moines, Iowa.

11. On March 19, 2014 Plaintiff, KEVIN HAMILTON, was lawfully on Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC. property at the aforesaid location, and was required to perform switching as a Remote Control Student.

12. It was the continuing duty of the Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC., at that time and place in question to provide Plaintiff with reasonably safe conditions in which to work, to exercise ordinary care in the maintenance of its property so as to avoid placing Plaintiff in danger and to exercise ordinary for the safety of Plaintiff.

13. In violation of its duty, Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC. negligently and carelessly failed exercise

ordinary care for the Plaintiff, KEVIN HAMILTON, by committing one or more of the following negligent acts or omissions:

a. Failed to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of its property;

b. Failed to adopt, install, implement and enforce a safe method and procedure for maintenance of the area described;

c. Carelessly and negligently permitted holes and uneven ballast to exist exposing Plaintiff to a risk of tripping hazard;

d. Failed to properly warn Plaintiff that there were holes in the ballast in his work area;

e. Failed to repair the ballast that Plaintiff tripped on;

f. Failed to follow industry standards for inspection and maintenance of ballast walkways;

g. Failed to maintain a proper and reasonably safe walkway for switching work.

14. Defendant's negligence by one or more of the foregoing negligent acts or omissions caused in whole or in part Plaintiff's injury.

15. As a consequence Plaintiff, KEVIN HAMILTON, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, KEVIN HAMILTON, has been and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, KEVIN HAMILTON , has incurred medical, hospital, and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff, KEVIN HAMILTON, demands trial by jury.

WHEREFORE, Plaintiff, KEVIN HAMILTON , demands judgment in his favor and against Defendants, DES MOINES HOLDINGS, INC. AND COLOR CONVERTING INDUSTRIES CO., INC., in a sum in excess of the jurisdictional minimum.

/s/:Craig W. Church
CRAIG W. CHURCH

CRAIG W. CHURCH
HOEY & FARINA, P.C.
ATTORNEYS FOR PLAINTIFF
542 S. Dearborn Street, Suite 200
Chicago, IL 60605
Telephone: 312-939-1212
Facsimile: 312-939-7842
cchurch@hoeyfarina.com